UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY ALICE ROBERTS                              CIVIL ACTION

VERSUS                                          NO. 06-2315

ALLSTATE INSURANCE CO.                          SECTION "R"(5)


### ORDER AND REASONS

Plaintiff moves to remand this matter, which was transferred to this section because plaintiffs claim damages pursuant to Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695. For the following reasons, the Court DENIES the plaintiff's motion.

I.  **BACKGROUND**

Hurricanes Katrina and Rita devastated much of southern Louisiana in August and September of 2005. Plaintiff in this case is a Louisiana property owner who suffered substantial damage to her property during these storms and who has sued her homeowner's insurance carriers. Defendant is an insurance company that lacks citizenship or a principal place of business

in Louisiana.  The parties in this case are thus diverse. Plaintiff filed her action in Louisiana state court, and defendant removed it to this Court.  Plaintiff now seeks to remand this matter to state court.  Defendant opposes the motion and asserts that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The parties disagree as to whether the amount in controversy is satisfied under the requirements of section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).

## II.  LEGAL STANDARDS

### A.  Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL

419901, at *2 (E.D. La. 1995). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### B. Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiffs filed their complaints in Louisiana state courts, and Louisiana law does not permit them to plead a specific amount of money damages. When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy

3

exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings

irrelevant." 47 F. 3d at 1412 (*quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id*. at 1412 n.10. Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 *3 (E.D. La. 2003). For example, in *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D. La. 2004), the plaintiff's state court complaint stated that "[each plaintiff] affirmatively and knowingly waives entitlement to any damages . . . ., including penalties and statutory attorney's fees, but exclusive of interests and costs, in excess of $74,999." The court found that this waiver constituted a binding stipulation, or "judicial confession" under Louisiana law, and it held that this stipulation was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law. *Id*. at *5. The plaintiff here did not file a similar stipulation with her complaint.

Post-removal affidavits or stipulations may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction.  *Gebbia*, 233 F.3d at 883.

Here, plaintiff's motion to remand contains a stipulation that the amount of damages, including punitive damages, sought by plaintiff is less than $75,000, but, as noted, it does not affirmatively waive the plaintiff's right to collect damages in a greater amount.  For this reason, this stipulation is insufficient to show that the amount in controversy is below $75,000.  Furthermore, as is discussed below, this complaint is not ambiguous as to the amount in controversy.  Thus, plaintiff's

post-removal stipulation is insufficient to establish a lack of jurisdiction. Finally, the Court notes that Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).

**III. Analysis**

Plaintiff Mary Alice Roberts sued her insurer for breach of contract after it paid only $9,391.39 under a homeowner's policy that was worth substantially more. Roberts sought a declaratory judgment to enforce only the part of her insurance policy that covers dwelling protection, totaling $79,000, of which she specifically claimed she was still entitled to $69,608.61 in her state court petition. In addition to damages, she makes a claim for statutory penalties and attorney's fees under La. Rev. Stat. §§ 22:1220 and 22:658. Under Section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La. Rev. Stat. § 22:1220; *see Hannover Corp. of America v. State Farm Mutual Auto. Ins.*

*Co.*, 67 F.3d 70, 75 (5th cir. 1995) (holding that a plaintiff must show damages arising from the breach to recover any more than $5,000). Under section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. La. Rev. Stat. § 22:658 (emphasis added). Here, penalties under section 22:658 alone could increase the amount awarded to plaintiffs by more than $17,000, bringing the total amount in controversy to about $86,000 without considering whether plaintiffs might be able to show damages under section 12:1220.

Furthermore, plaintiff's claim for damages is for the full value of her dwelling limits under La. Rev. Stat. § 22:695. Plaintiff's 2005 homeowner's policy, which was applicable to the date Hurricane Katrina struck Louisiana, included dwelling protection for up to $90,000. (Notice of Removal, Ex. 1). Plaintiff is apparently relying in error on a 2003 homeowner's policy, when she claimed in her complaint that the value of her dwelling protection was $79,000. (See Plaintiff's Ex. B). Since the plaintiff seeks the full amount of her dwelling protection less the $9,391.39 already tendered to her, the real amount in

controversy is at least $80,608.61.  Thus, it is facially apparent that the plaintiff's claim exceeds the jurisdictional amount.  The plaintiff's post-removal stipulation does not establish to a legal certainty that the amount in controversy at the time of removal was less than $75,000 because it does not include a renunciation of the right to enforce a judgment in an amount greater than $75,000.  Additionally, it does not clarify an initially ambiguous amount in controversy and thus is insufficient to deprive the Court of jurisdiction once it has been properly established.  *See, e.g., Gebbia*, 233 F.3d at 883, and discussion, *supra*.  The Court finds that it has jurisdiction of this matter, and it denies plaintiff's motion to remand.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this  22nd  day of September, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT